L. F. NAGEL, Appellant, v. ROBERT A. DAVIS and CELESTA E. DAVIS, Appellees.

**Conveyances:** FALSE REPRESENTATIONS: EVIDENCE. In an action to cancel a deed to land exchanged for other property on the ground of fraud, evidence that a mortgage taken back by the owner of the other property represented its full value, was competent on the question of false representations. Evidence held sufficient to authorize cancellation of the deed.

*Appeal from Guthrie District Court.*—HON. LORIN N. HAYS, Judge.

SATURDAY, NOVEMBER 22, 1913.

SUIT in equity to quiet title and for possession of real estate. The defendants filed a cross-bill to set aside a deed executed by them to plaintiff as having been obtained by false representations. There was a decree below for defendants, and plaintiff appeals.—*Affirmed*.

*Weeks, Vincent & Weeks,* for appellant.

*Sayles & Taylor,* for appellees.

EVANS, J.—We have advanced this appeal for immediate hearing because the subject of the litigation has been heretofore sold under mortgage foreclosure and the time of redemp-

tion is about to expire. We therefore hand down our opinion forthwith and will not take time for an extended discussion of the evidence.

This controversy arises out of an exchange of properties. The plaintiff conveyed to defendant a certain house and lot in Harlan. The defendants conveyed to plaintiff their farm of forty-three acres. The farm was taken at a valuation of $2,400 but subject to a mortgage of $1,600. The house and lot were taken at a valuation of $1,400; the defendants executing back a mortgage thereon to the plaintiff for $600. The claim of the cross-bill is that plaintiff misrepresented the condition of the town property. It is shown by plaintiff that defendant Robert Davis saw the property before he traded. As against this fact, it is shown by defendants that Robert saw the property only from the outside, and that he was dissuaded from further examination by the false representation of plaintiff that the then occupant of the house would not permit them to come inside. The inside condition was such as to materially impair the value of the property. The direct evidence of actual representation is not very strong. It is undisputed, however, that the value of the property conveyed to defendants was not greater than $600 or $700. Substantially the full amount of such value was reserved by the plaintiff by taking a mortgage back for $600. So that the net result of the trade was that defendants got no value for their equity in their farm. This is a circumstance which has corroborating value. In the light of this circumstance, the trial court was justified in its conclusions upon the entire evidence. The case involves only this question of fact. The decree below is therefore affirmed. Both motions to strike must be overruled.—*Affirmed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.